IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIP MADISON, and
JERRY W. BAKER,

       Plaintiffs,                   No. CIV S-10-1586 EFB P

   vs.

MARSH, et al.,

       Defendants.                <u>ORDER</u>

      Plaintiffs are confined in a county jail and are proceeding without counsel in an action brought under 42 U.S.C. §1983. For the reasons that follow, the court has determined that the action should be severed and that each plaintiff must proceed separately on his own claim.

      Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.

On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). However, actions brought by multiple prisoners in pro se present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion.

In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. To proceed with a civil action each plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding *in forma pauperis*, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress' intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must *each* pay the full filing fee. *E.g.*, *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in

1  violation of § 1915(b)(3).

2      To avoid the problems related to case-management and filing fees, the court will order
3  that the claims of plaintiff Jerry W. Baker be severed from the claims of plaintiff Philip Madison.
4  Plaintiff Baker will proceed in this action, while plaintiff Madison will proceed in a separate
5  civil action to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own
6  action and be solely responsible for his own action and his own filing fee.

7      Neither plaintiff has paid the fee nor submitted a proper application for leave to proceed
8  *in forma pauperis*.  Accordingly, the court will further order that plaintiffs have 30 days from the
9  date of service of this order to submit either the filing fee or the applications required by
10 § 1915(a).

11     Accordingly, it is ordered that:

12     1.  The claims of plaintiff Jerry W. Baker are severed from the claims of plaintiff Philip
13 Madison;

14     2.  Plaintiff Baker shall proceed as the sole plaintiff in Case No. CIV S-10-1586 EFB P;

15     3.  The Clerk of the Court is directed to:

16         a.  Open a separate civil action for plaintiff Philip Madison;

17         b.  Assign plaintiff Madison's action to the judicial officer to whom the instant
18 case is assigned and make appropriate adjustment in the assignment of civil cases to compensate
19 for such assignment;

20         c.  Place a copy of this order and the complaint in plaintiff Madison's file;

21         d.  Strike from the caption of each plaintiff's complaint the name of other plaintiff
22 who has been severed;

23         e.  Send each plaintiff an endorsed copy of his complaint bearing the amended
24 caption and the case number assigned to his own individual action; and

25         f.  Send each plaintiff one form application for leave to proceed *in forma*
26 *pauperis*; and

1       4.  Plaintiffs have 30 days from the date of this order to submit either the filing fee or the
2  applications to proceed *in forma pauperis* required by § 1915(a).  Failure to comply with this
3  order will result in a recommendation that the action be dismissed.
4       So ordered.
5  Dated:  June 30, 2010.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE